UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTIE BELLE MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-1518 |
| | § | |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION a/k/a FANNIE MAE | § | |
| and BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the court is defendants Federal National Mortgage Association's and Bank of America, N.A.'s (collectively "defendants") 12(b)(6) motion to dismiss for failure to state a claim. Dkt. 3.  Upon consideration of the motion, and applicable law, and for the reasons set forth below, defendants' motion to dismiss for failure to state a claim is GRANTED.  However, plaintiff may replead her fraud claim to attempt to comply with Rule 9 within 90 days of this order.  Additionally pending before the court is the plaintiff's attorney's motion to withdraw. Dkt. 10.  That motion is also GRANTED.

**I. BACKGROUND**

In October 2005, plaintiff Mattie Belle Moore ("Moore") purchased a home located at 10038 Barr Lake Drive, Houston, TX 77095 and financed the purchase through a mortgage loan (the "Note"). Dkt. 1-1.  To secure her obligation under the Note, Moore signed a deed of trust (the "Deed") in favor of BSM Financial, L.P. that irrevocably granted and conveyed title to the trustee, with power of sale.  Dkt. 3.  BSM assigned the Note and Deed to Bank of America, successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP on

September 21, 2001.  *Id*.  Moore defaulted on her debt, and a foreclosure sale was conducted on November 1, 2011.  Dkt. 1-1.

According to Moore's complaint, plaintiff requested a loan modification from Countrywide, and when Countrywide assigned its rights to Bank of America, she continued to seek a loan modification through Bank of America.  *Id*.  She fell behind on her mortgage payments, and subsequently received notices that her property was going to be foreclosed.  *Id*.  Moore then began requesting extensions of the loan modification process from Bank of America and was told on more than one occasion by Bank of America representatives that she had received an extension on her loan modification application, and it was under review.  *Id*.  And, she never received correspondence indicating that her application for a loan modification had been denied.  *Id*.  Moore states that she spoke with a Bank of America representative after receiving a message on her door from the bank informing her of a November 1, 2011 foreclosure sale of her house.  *Id*.  The representative informed Moore that her property was not being sold because their records indicated a pending modification review.  *Id*.  Despite this assurance, a foreclosure sale on Moore's home took place on November 1, 2011.  Dkt. 3.

Plaintiff filed her original petition on April 25, 2012 in the 151st Judicial District Court of Harris County, Texas.  Dkt. 1-1.  Defendants timely removed the case to this court and later filed the instant motion to dismiss.  Dkts. 1,3.  Plaintiff did not file a response.

## II. Legal Standards

### A. Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches., Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Factual

2

allegations must. . . raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Id*.

### B. Rule 9(b) Standard

In addition to meeting the plausibility standard, under Federal Rule of Civil Procedure 9(b), if a party is alleging fraud or mistake, the pleading must "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). The Fifth Circuit interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002) (quoting *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001)). Thus, Rule 9(b) generally requires the complaint to state "the who, what, when, where, and how" of the false representation. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). However, "Rule 9(b)'s ultimate meaning is context-specific." *Grubbs*, 565 F.3d at 188 (quoting *Williams*, 112 F.3d at 178). Thus, "[d]epending on the claim, a plaintiff may sufficiently 'state with particularity the circumstances constituting fraud or mistake' without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand." *Id*.

### III. ANALYSIS

Moore's complaint alleges the following six causes of action: (1) fraud; (2) wrongful foreclosure due to fraud and improper notice; (3) slander of title; (4) promissory estoppel; (5)

3

unreasonable collection, and (6) accounting. Dkt. 1-1. Defendants move to dismiss Moore's claims, arguing that Moore has failed to plead facts which, if true, would establish any of these causes of action against them. Dkt. 3.

**A. Fraud**

Defendants move for dismissal of Moore's fraud claim because: (1) Moore's factual allegations do not meet the Rule 9(b) standard for pleading fraud, and (2) Bank of America holds the original deed, and therefore can legally foreclose upon Moore's property. Dkt. 3. Moore contends that before Bank of America initiated foreclosure proceedings against her, it represented that her loan modification request was still under review, and the modifications had been extended. Dkt. 1-1. Moore also contends that when she spoke with a Bank of America representative to confirm the foreclosure sale date of her property she was told that her property was not being sold because the record indicated a pending modification review. *Id.* Moore alleges that because of these misrepresentations she did not file for bankruptcy protection or make additional payments on the property. *Id.*

In Texas, to state a claim for common law fraud, a plaintiff must allege that the defendant made a "material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008) (quoting *Johnson & Johnson Med. Inc. v. Sanchez*, 924 S.W. 2d 925, 929-30 (Tex. 1996)). Moore's pleading makes vague factual allegations alleging that defendants' conduct constituted fraud. In other words, she fails to state "the who, what, when, where, and how" of the alleged false representations. *Williams*, 112 F.3d at 179. Thus as pled, Moore's complaint has failed to state Moore's fraud claim with the particularity required under Fifth Circuit precedent and Federal

Rule of Civil Procedure 9(b). However, Moore will be given an opportunity to remedy these pleading defects. Accordingly, defendants' motion to dismiss pursuant to Rule 9(b) is granted and Moore's fraud claim is dismissed without prejudice to amend within 90 days.

### B. Wrongful Foreclosure

Defendants move for dismissal of Moore's wrongful foreclosure claim because Moore has failed to plead the elements of a wrongful foreclosure claim. Specifically, defendants argue that Moore has not alleged that a "notice defect caused lower or inadequate sales price for the property." Dkt. 3. To bring a claim for wrongful foreclosure under Texas law, a plaintiff must show: (1) "[a] defect in the foreclosure proceedings; (2) a grossly inadequate selling price, and; (3) a casual connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W. 3d 135, 139 (Tex.App.—Corpus Christi 2008, no pet.). Moore also contends that defendants slandered her title to the property by failing to follow Texas law in its acceleration of the Note and its notice of foreclosure sale. *Id*. Moore contends that defendants' employees made false material representations to her regarding the status her loan modification application with the intention that she rely on those representations, and that she subsequently relied on those misrepresentations to her detriment. *Id*. Because Moore does not allege that there was a grossly inadequate selling price or a casual connection between the defect and the grossly inadequate selling price, Moore does not state a claim for wrongful foreclosure and defendants' motion to dismiss on this claim is granted.

### C. Slander of Title

Defendants move for dismissal of Moore's slander of title claim arguing that Moore cannot plead any set of facts giving rise to a plausible right of relief because any alleged "false" statements Bank of America made occurred in the course of a quasi-judicial proceeding (the commencement

of the non-judicial foreclosure of plaintiff's property), and that defamation claims are barred when the alleged defamatory statements are published during the course of judicial or quasi-judicial proceedings. Dkt. 3. Under Texas law, a party alleging slander of title bears the burden to demonstrate: (1) "the utterings and publishing of disparaging words; (2) that they were false; (3) that they were malicious; (4) that special damages were sustained thereby; (5) that the plaintiff possessed an estate or interest in the property disparaged; and (6) the loss of a specific sale." *Williams v. Jennings*, 755 S.W. 2d 874, 879 (Tex.App.—Houston [14th Dist.] 1988, writ ref'd). Texas law authorizes a mortgage servicer to administer a foreclosure if:

> (1) "the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage; and
> (2) the notices required under Section 51.002(b) disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee and:
>> (A) the address of the mortgagee; or
>> (B) the address of the mortgage servicer, if there is an agreement granting the mortgage servicer the authority to service the mortgage."

TEX. PROP. CODE. § 51.0025.

Moore alleges that Bank of America "did not receive a conveyance of title and/or rights from the original mortgagee." Dkt.1-1. Moore also alleges that Bank of America representatives represented that Bank of America had the right to service the mortgage and that she made payments in the amounts given to her by Bank of America. *Id*. Thus, Moore is not alleging that Bank of America lacked authority as the mortgage servicer. As the servicer, Bank of America had statutory authority to administer the foreclosure. Moreover, there are no allegations that Bank of America made malicious comments or published disparaging words. Accordingly, Moore has not stated a claim for slander of title and defendants' motion to dismiss on this claim is granted.

### D. Promissory Estoppel

Defendants also move for dismissal of Moore's promissory estoppel claim. Dkt. 3. Promissory estoppel can be used as a defense to the statute of frauds or as an independent cause of action. However, in this case the same analysis determines whether promissory estoppel may be used either as a defense or a cause of action. Moore alleges that if defendants had not made promises regarding the modification program and the foreclosure sale, she would have either made additional payments to defendants or would have filed for bankruptcy prior to the foreclosure date. Dkt. 1-1.

The statute of frauds requires that a loan agreement[1] regarding real property be in writing. *See* TEX. BUS. & COM. CODE § 26.02(b) ("[A] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by that party's authorized representative."). Promissory estoppel has been recognized as an exception to the statute of frauds and allows enforcement of an otherwise unenforceable oral agreement when (1) "the promisor makes a promise that he should have expected would lead the promisee to some definite and substantial injury; (2) such an injury occurred; and (3) the court must enforce the promise to avoid the injury." *Bank of Tex., N.A. v. Gaubert*, 286 S.w.3d 546, 553 (Tex.App.—Dallas 2009, pet. dism'd ) (citing *Nagle v. Nagle, 633 S.W.2d 796, 800* (Tex. 1982), and *Moore Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex. 1972)). This exception to the statute of frauds applies only if the alleged oral promise was to sign an existing document that satisfies the statute of frauds. *Id*. Moore does not allege that defendants promised to sign an already existing loan modification agreement. Therefore, she cannot use the promissory estoppel exception

---

[1] A "loan agreement means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation. TEX. BUS. & COM. CODE § 26.02(a)(2).

to prevent the statute of frauds from voiding her claim based on the alleged oral modification of the loan agreement. And, since the statute of frauds requires that any modification to a loan agreement be in writing, she also cannot maintain a cause of action for promissory estoppel. Therefore, defendants' motion is granted on Moore's promissory estoppel theory.

### E. Unreasonable Collection

Defendants move for dismissal of Moore's unreasonable collection claim because Moore does not plead "a course of harassment that was willful, wanton, malicious and intended to inflict mental anguish and bodily harm," as required under Texas law. Dkt. 3. Merely exercising a contractual right to foreclose does not constitute "willful, wanton, or malicious" conduct. *Id.* Moore contends that the alleged wrongful foreclosure constitutes an unreasonable collection effort by defendants. *Id*. "Unreasonable collection is an intentional tort. But the elements are not clearly defined and the conduct deemed to constitute an unreasonable collection effort varies from case to case." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex.App.—Dallas 2008, no pet.). "One of the more precise legal descriptions delineates the conduct giving rise to the tort as 'efforts that amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.'" *Id*. at 868-69 (quoting *Montgomery Ward & Co. V. Brewer*, 416 S.W.2d 837, 844 (Tex.Civ.App.—Waco 1967, writ ref'd n.r.e.)). Because plaintiff does not allege any activities by defendants that rise to the level of "willful, wanton, or malicious" conduct, defendants' motion to dismiss on this claim is granted.

### F. Accounting

Defendants move for dismissal of Moore's accounting claim, arguing that an accounting is a remedy, and not a cause of action. Moore asserts that defendants did not provide an accounting of funds received prior to foreclosure or provide an accounting of funds received at the foreclosure

sale. Dkt. 1-1. Moore thus seeks an order compelling defendants to provide a full accounting. "An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex.App.–Corpus Christi 2001, no pet.). Either way, since the court has dismissed all fo plaintiff's claims, she is not entitled to an accounting. Accordingly, defendants' motion to dismiss Moore's request for an accounting is granted.

### IV. CONCLUSION

Pending before the court is Defendants' motion to dismiss. Dkt. 3. Upon consideration of the motion and the applicable law, the motion is GRANTED WITH PREJUDICE on all of her claims except her fraud claim. The motion is GRANTED WITHOUT PREJUDICE to replead the fraud claim to comply with Rule 9(b)'s heightened pleading standard within 90 days of this order to have the case reopened. Additionally, Moore's attorney's motion to withdraw is GRANTED.

Signed at Houston, Texas on December 5, 2012.

_____
Gray H. Miller
United States District Judge